CAUSE NO. _____

FILED
DENTON COUNTY, TEXAS
2009 AUG 14  PM 3: 31
SHERRI ADELSTEIN
DISTRICT CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED RENTALS, INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | §<br>§<br>§ | |
| v. | § | DENTON COUNTY, T E X A S |
| SIMON M. GUERRERO, | §<br>§ | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S VERIFIED ORIGINAL PETITION
## AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

Plaintiff United Rentals, Inc. ("United Rentals" or "Plaintiff"), on behalf of itself and its

subsidiaries, files Plaintiff's Original Petition and Application for Temporary Restraining Order,

Temporary Injunction and Permanent Injunction ("Petition") against Simon Guerrero

("Guerrero" or "Defendant").

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under TEXAS RULE OF CIVIL PROCEDURE

190.4 (Level 3).

### THE PARTIES

2.    Plaintiff United Rentals, Inc. is a corporation organized under the laws of the

State of Delaware and is registered to do business in the State of Texas.

3.    United Rentals owns and operates equipment rental businesses, together with

other affiliated companies, throughout North America.

4.    Simon M. Guerrero is an individual and former Sales Representative for United

Rentals.  He may be served at his residence, 104 Everett Court, Shady Shores, Texas 76208.

EXHIBIT
A

## JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction over Plaintiff's claims against Defendant under Texas common law and various equity principles. The claims raised in this Petition involve an amount in controversy that exceeds the minimum jurisdictional limits of this court.

6.  Venue is proper in this court based on Sections 15.001(b)(1), 15.002(a)(2), and 65.023(a) of the Texas Civil Practice & Remedies Code.

## FACTUAL BACKGROUND

The facts pertinent to Plaintiff's claims are:

**A.  United Rentals Employed a Sales Force Needed for an Equipment Rental Business.**

7.  On September 5, 2002, United Rentals hired Guerrero as a sales representative to work at its United Rentals branch at 1350 South Loop 12, Irving, Texas 75060 ("Irving Branch"). (Gaither Aff. ¶ 3.)[1]

8.  In August of 2003, Guerrero was transferred to United Rentals branch at 1706 North Interstate, 35 East, Carrollton, Texas 75006 ("Carrollton Branch"). (Gaither Aff. ¶ 4.)

9.  United Rentals sells, leases and rents, among other things, general construction equipment and performs related training from its Irving Branch and its Carrollton Branch. (Gaither Aff. ¶ 5.)

10.  Guerrero and United Rentals' other sales representatives were responsible for selling, leasing and/or renting United Rentals' equipment and training and related services to existing and new customers. This equipment includes, but is not limited to, air compressors, air tools, compaction equipment, concrete equipment, masonry equipment, earthmoving equipment, floor equipment, generators, light towers, heating and air conditioning equipment, lawn and

---

[1] The affidavit of Douglas Gaither is attached to this Petition as Exhibit "A."

landscape equipment, plumbing equipment, power distribution equipment, power tools, pressure

washers, pumps, surface preparation equipment, remediation equipment, traffic control

equipment, surveying equipment, trucks, trailers, utility vehicles and welders.  Guerrero was also

responsible for building customer relationships and developing information for United Rentals

regarding customers and prospective customers, such as equipment rental history, quotes and

bids and future equipment and safety training needs.  (Gaither Aff. ¶ 6.)

**B.**     **Guerrero Agreed to Protect and Not Use or Disclose United Rentals' Confidential Information.**

11.     As a condition of Guerrero's employment with United Rentals, on April 1, 2004,

Guerrero executed a Confidentiality and Non-Competition Agreement with United Rentals

("Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit "B".

12.     In the Agreement, Guerrero agreed, among other things:

1.     <u>Confidentiality and Company Property</u>.  During and at all times after Employee's

employment:

    (a)     Employee will not disclose to any person or entity, without the Company's prior consent, any confidential or secret information, whether prepared by him/her or others.

    (b)     Employee will not directly or indirectly use any such information other than as directed by the Company in writing.

    (c)     Employee will not, except in the furtherance of the business of the Company, remove confidential or secret information from the premises of the Company without the prior written consent of the Company.

    (d)     All products, correspondence, reports, records, charts, advertising materials, designs, plans, manuals, "field guides," memoranda, lists and other property compiled or produced by Employee or delivered to Employee by or on behalf of the Company or by its customers (including, but not limited to, customers obtained by the Employee), whether or not confidential, shall be and remain the property of the Company and shall be subject at all times to its direction and control.

(e)     Employee will, upon termination of his or her employment for whatever reason, with or without cause, promptly deliver to the Company all originals and copies (whether in note, memo or other document form or on video, audio or computer tapes or discs or otherwise) of all confidential or secret information, and of all property referred to in Section 1(d), that is in his or her possession, custody or control, and whether prepared by Employee or others.

(Agreement, ¶1(a)-(e).)

13.     The Agreement further states that United Rentals' confidential information includes, but is not limited to:

(i)     business, pricing and management methods;

(ii)    finances, strategies, systems, research, surveys, plans, reports, recommendations and conclusions;

(iii)   names of, arrangements with, or other information relating to, the Company's customers, equipment suppliers, manufacturers, financiers, owners or operators, representatives and other persons who have business relationships with the Company or who are prospects for business relationships with the Company;

(iv)    technical information, work products and know-how;

(v)     cost, operating, and other management information systems, and other software and programming;

        . . .

(Agreement, ¶ 1(f).)

## C.     Guerrero Agreed Not To Compete with United Rentals or Solicit its Customers.

14.     By signing the Agreement, Guerrero also agreed that during his employment and for a period of 6 months after the termination of his employment for any reason, he would not, directly or indirectly:

(i)     in any Restricted Area (a "Restricted Area" is defined as the area within a 180 mile radius of: (x) the Company's branch located at 1350 Loop 12, Irving, TX 75060, and (y) of any and all Company locations in which Employee performed services for, or had management responsibilities for, at any time during the 24 month

period preceding the termination of Employee's employment with the Company), be employed or retained by any person or entity who or which then competes with the Company to any extent, nor will Employee directly or indirectly own any interest in any such person or entity or render to it any consulting, brokerage, contracting, financial or other services or any advice, assistance or other accommodation;

(ii)   solicit or accept the business of, or call upon, any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with the Company, or who was a prospect for a business relationship with the Company, at any time during the period of his or her employment, or (B) an affiliate of any such person;

....

(v)   own any interest in or be employed by or provide any services to any person or entity which engages in any conduct, which is prohibited to Employee under this Section 2(a).

(Agreement, ¶ 2(a).)

15.   Guerrero also agreed that:

Employee shall be deemed to be employed or retained in the Restricted Area if Employee has an office in the Restricted Area or if Employee performs any duties or renders any advice with respect to any facility or business activities in the Restricted Area.

(Agreement, ¶ 2(b).)

**D.   United Rentals gave Guerrero Confidential Information and other Consideration.**

16.   In exchange for Guerrero's promises, United Rentals provided Guerrero United Rentals' confidential information, made a substantial economic investment in the hiring and training of Guerrero, and paid him substantial compensation and other benefits. (Gaither Aff. ¶ 7; Agreement.)

17.   For example, United Rentals regularly gave Guerrero United Rentals' rate information, customer lists, commission statements, accounts receivable reports, open contracts

reports and other information. Moreover, United Rentals allowed Guerrero to attend meetings, during which specific customers, potential deals, processes to better serve United Rentals' customers, and other confidential information was discussed. United Rentals also gave Guerrero extensive access to United Rentals' customers and potential customers. United Rentals has expended significant time, effort and expense developing and maintaining this confidential information and in developing these relationships with its customers and potential customers. United Rentals considers this to be confidential information. If the confidential information were provided to a competitor, United Rentals would be placed at an extreme competitive disadvantage. (Gaither Aff. ¶ 8.)

18.     United Rentals takes numerous steps to protect the confidentiality of its confidential information. First, only a limited number of United Rentals employees have access to the confidential information. Additionally, United Rentals employees regularly are reminded to maintain confidential information in confidence. United Rentals regularly issues policies to its employees, explaining what information is confidential and United Rentals' mandatory policies regarding maintaining the confidentiality of such information. (Gaither Aff. ¶ 9; Exs. C and D.) It is also United Rentals' practice to require employees to sign confidentiality agreements in which they agree to keep confidential information confidential and protect confidential information. United Rentals also asks appropriate employees to sign non-compete agreements to further protect the confidential information. If a current or former United Rentals employee discloses confidential information to a third party, with whom no duty of confidentiality exists, United Rentals takes action to protect and prevent against further disclosure and the confidential information from remaining in the possession of the third party. (Gaither Aff. ¶ 9.)

**E.      Guerrero is Working for a Direct Competitor in Violation of the Agreement.**

19.      On July 27, 2009, Guerrero resigned his employment with United Rentals. Guerrero did not provide any advance notice of his resignation to United Rentals.  His resignation was effective immediately. (Gaither Aff. ¶ 10.)

20.      When Guerrero stated that he was resigning his employment, he advised Douglas Gaither ("Gaither"), Branch Manager for United Rentals, that he was going to work for Volvo Rents in McKinney, Texas, which is a direct competitor of United Rentals.  Guerrero further stated that he would initially work for Volvo Rents as a sales representative and then would become a partial owner of Volvo Rents. (Gaither Aff. ¶ 11.)

21.      Volvo Rents' office is located at 1410 North McDonald Street, McKinney, Texas 75069, which is within 180 miles of both the Irving Branch and the Carrollton Branch.  (Gaither Aff. ¶ 12.)

22.      According to Volvo Rents' Rental Equipment and Contractor Supplies Catalog ("Volvo Catalog"), it, among other things, rents landscape and lawn equipment, earthmoving equipment, compressors, air tools, water pumps, generators, welding equipment, lighting equipment, concrete equipment, masonry equipment, compaction equipment, floor care equipment, trucks, trailers, plumbing equipment, hand tools and heating and cooling equipment. Excerpts of the Volvo Catalog are attached hereto as Exhibit E.

23.      Guerrero is believed to be in possession of United Rentals' confidential information and is competing in the prohibited area in violation of Guerrero's agreement with United Rentals. (Gaither Aff. ¶ 13.)

24.    United Rentals has not authorized Guerrero to continue to possess its confidential information in this manner or to disclose its confidential information to any third parties, including, but not limited to, Volvo Rents. (Gaither Aff. ¶ 15.)

25.    On July 31, 2009, United Rentals' counsel sent a letter to Guerrero regarding his non-competition, confidentiality and non-solicitation covenants, and demanding, among other things, that Guerrero return United Rentals' confidential information and comply with the provisions of Guerrero's Agreement with United Rentals.  A copy of this letter is attached as Exhibit F.

26.    On August 4, 2006, an attorney contacted United Rentals' counsel and stated that he represented Volvo Rents and may represent Guerrero and asked if he could have until August 12, 2009 to respond to the letter sent to Guerrero.  However, to date, no response has been received to the July 31, 2009 letter.

**F.    Conclusion.**

27.    Defendant's use and/or disclosure of United Rentals' confidential information unfairly uses United Rentals' confidential information for the benefit of Defendant and to United Rentals' detriment.  Defendant, among other things, acquired United Rentals' confidential information by improper means and is disclosing and/or using, and will hurtfully continue to use, United Rentals' confidential information to interfere with United Rentals' contracts and relationships with its customers to United Rentals' detriment.

## CAUSES OF ACTION

United Rentals lodges the following claims against Defendant:

### COUNT ONE – BREACH OF CONTRACT

28.    United Rentals incorporates the preceding paragraphs in the Petition.

29.     Guerrero entered into a contract with United Rentals.

30.     United Rentals performed its obligations under the contract.

31.     Guerrero has breached this contract by, among other things, disclosing and/or using United Rentals' trade secrets and confidential and proprietary information and by competing with United Rentals in the prohibited area.

32.     As a result of Guerrero's breach of his contract, United Rentals has been irreparably damaged by, among other things, loss of its confidential information, loss of the benefit of Guerrero's agreement not to compete, pecuniary losses, loss of good will and damage to its reputation.   United Rentals is entitled to: (i) all damages proximately caused by these breaches; (ii) a temporary restraining order and injunction to require that Guerrero adhere to the terms of his agreement with United Rentals by not competing and not soliciting United Rentals' customers or employees for the full 6-month duration of the agreement, beginning at the time of the Court's Order, and to prohibit Guerrero from breaching his agreement by using and/or disclosing United Rentals' trade secrets and confidential and proprietary information; and (iii) attorneys' fees.

### COUNT TWO – BREACH OF FIDUCIARY DUTY

33.     United Rentals incorporates the preceding paragraphs in the Petition.

34.     Guerrero and United Rentals had a fiduciary relationship.

35.     Both during and after his employment with United Rentals, Guerrero owes a duty of confidence and other duties to United Rentals.   Guerrero breached his duties to United Rentals.  Guerrero breached his fiduciary duties of confidence owed to United Rentals by using and/or disclosing United Rentals' confidential and proprietary information.  Such breaches were intentional.

36.     Guerrero's fiduciary breaches have damaged, and will continue to damage, United Rentals in an amount in excess of the minimal jurisdictional limits of this Court.  Such breaches have also benefited Guerrero.  Based on Guerrero's breaches of his fiduciary duties, United Rentals seeks all actual damages resulting from the fiduciary breaches, as well as exemplary damages.  United Rentals also seeks injunctive relief, prohibiting Guerrero from further fiduciary breaches.  Additionally, United Rentals requests the Court to place a constructive trust on proceeds, funds and property obtained as result of these breaches and that all fees collected by Guerrero as a result of these breaches be forfeited to United Rentals.  United Rentals also asks that the Court disgorge any profits obtained by Guerrero as a result of these breaches and provide such profits to United Rentals.

### COUNT THREE –MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL AND PROPRIETARY INFORMATION

37.     United Rentals incorporates the preceding paragraphs in the Petition.

38.     United Rentals has invested substantial time, effort, money and resources over many years in developing its confidential information.  As explained *supra*, United Rentals maintains its confidential information in confidence and takes steps to protect it.  Only United Rentals and those to whom United Rentals discloses the confidential information in confidence know United Rentals' trade secrets and confidential and proprietary information.  These trade secrets and confidential and proprietary information are not matters of public knowledge or generally known within the industry.

39.     The trade secrets and confidential and proprietary information, which belong to United Rentals, have enabled it to obtain a fair and lawful competitive advantage over those who do not know or have the right to use its trade secrets or confidential and proprietary information.

40.     Defendant acquired United Rentals' trade secrets and confidential and proprietary information by improper means.

41.     Defendant has, and inevitably will, use or disclose United Rentals' trade secrets and confidential and proprietary information in his employment in a competing business. This use and disclosure of United Rentals' valuable trade secret and other proprietary rights in competition with United Rentals, without license or other authority, is a misappropriation of United Rentals' trade secrets and confidential and proprietary information. Defendant is well aware that this information is to remain confidential.

42.     Because Defendant understands the importance of United Rentals' trade secrets and confidential and proprietary information, and Defendant has, and inevitably will, use those trade secrets and confidential and proprietary information, the misappropriation of United Rentals' confidential and proprietary information and trade secrets is willful and intentional. Therefore, United Rentals is entitled to all actual and exemplary damages resulting from this misappropriation.

43.     Defendant's wrongful use and disclosure of United Rentals' trade secrets and confidential and proprietary information has and will seriously damage, and will continue to seriously damage, United Rentals in an amount that is not presently ascertainable, but is in excess of the court's minimum jurisdictional limit.

44.     Because Defendant will continue his acts of misappropriation of United Rentals' confidential and proprietary information, which will irreparably injure United Rentals, United Rentals requests that the court enjoin Defendant's improper activities.

### COUNT FOUR – TORTIOUS INTERFERENCE
### WITH EXISTING CONTRACTS AND PROSPECTIVE BUSINESS RELATIONSHIPS

45.    United Rentals incorporates the preceding paragraphs in the Petition.

46.    As described in this Petition, United Rentals has valid existing contracts and has prospective contracts and business relationships with customers.

47.    There was a reasonable probability that United Rentals would enter into such business relationships.

48.    Defendant has willfully and intentionally interfered with these contracts and these relationships.

49.    Defendant's acts are independently tortious in that, among other things, these acts constitute misappropriation of trade secrets and confidential information, unfair competition, conversion, breach of fiduciary duties, unjust enrichment and conspiracy.

50.    Defendant's interference is not privileged or justified.  As a result of Defendant's interference with United Rentals' existing contracts and prospective business relationships, United Rentals has suffered actual damages and irreparable damages, including, among other things, loss of goodwill, damage to its reputation and other pecuniary loss.   Based on Defendant's unlawful interference, United Rentals is entitled to all actual damages proximately caused by Defendant's acts of interference. Additionally, United Rentals is entitled to exemplary damages because Defendant's acts of interference were malicious.

### COUNT FIVE – UNFAIR COMPETITION

51.    United Rentals incorporates the preceding paragraphs in the Petition.

52.     As described in this Petition, Defendant has engaged in business conduct that is contrary to honest practice in industrial and commercial matters.  Defendant's actions are both illegal and tortious.

53.     Defendant's illegal and tortious acts, as described in this Petition, have interfered with United Rentals' ability to conduct its business.

54.     By reason of, and as a direct result of, Defendant's acts of unfair competition, Defendant has benefited and will benefit.

55.     As a direct result of Defendant's unfair competition, Defendant has damaged and will continue to damage United Rentals in an amount that is not presently ascertainable, but is in excess of the minimum jurisdictional limit of this court.

56.     Defendant will continue his acts of unfair competition, which will irreparably injure United Rentals, unless this court enjoins his improper activities.  United Rentals is therefore entitled to all damages caused by Defendant's unfair competition, exemplary damages and an injunction to prevent this unfair competition in the future.

### COUNT SIX – UNJUST ENRICHMENT

57.     United Rentals incorporates the preceding paragraphs in the Petition.

58.     Defendant has been unjustly enriched and obtained benefits as a result of his improper conduct alleged in this Petition.

59.     As a result, United Rentals seeks recovery of money damages for the benefits received by Defendant at United Rentals' expense and without justification.

### COUNT SEVEN – CONVERSION

60.     United Rentals incorporates the preceding paragraphs in the Petition.

61.     United Rentals owned, possessed or had the right to immediate possession of

personal property.

62.   Defendant wrongfully exercised dominion or control over the property.

63.   United Rentals suffered injury as a result of Defendant's actions.

64.   Defendant's actions were committed with malice.

65.   Defendant's exercise of dominion over United Rentals' property has damaged and will continue to seriously cause actual damages to United Rentals and damages to United Rentals in an amount that is not presently ascertainable, but is in excess of the court's minimum jurisdictional limit. United Rentals requests the court to award actual and exemplary damages as result of these actions.

66.   Because Defendant will continue his wrongful acts, which will irreparably injure United Rentals, United Rentals requests that the court enjoin Defendant's improper activities and order Defendant to return the property.

### DAMAGES

67.   United Rentals incorporates the preceding paragraphs in the Petition.

68.   As a result of Defendant's actions, United Rentals has been damaged in an amount in excess of the minimum jurisdictional limits of this court. Accordingly, United Rentals requests all actual damages resulting from, or proximately caused by, Defendant's actions as described in this Petition.

### EXEMPLARY DAMAGES

69.   United Rentals incorporates the preceding paragraphs in the Petition.

70.   Defendant's conduct was fraudulent, willful and malicious. Therefore, United Rentals is entitled to exemplary damages as a result of Defendant's tortious conduct, as alleged in this Petition.

## APPLICATION FOR INJUNCTIVE RELIEF

71.    United Rentals incorporates the preceding paragraphs in the Petition.

72.    There is a substantial likelihood that United Rentals will prevail on the merits of its claims against Defendant.  Unless enjoined, (i) Defendant's wrongful use and disclosure and/or inevitable use and disclosure of United Rentals' trade secrets and confidential and proprietary information, and (ii) Defendant's breach of his contractual covenants will cause and continue to cause irreparable harm to United Rentals for which there is no adequate remedy at law, including, without limitation, loss of business, loss of goodwill, loss of competitive position in the marketplace, confusion of customers, loss of confidential and proprietary information, and loss of the benefit of its bargaining of its contracts.  Money damages cannot adequately compensate United Rentals, even if Defendant was able to respond in payment of money damages.  In fact, Guerrero agreed that United Rentals would be irreparably harmed if he used or disclosed United Rentals' confidential information or breached his agreement with United Rentals.  (Agreement ¶ 2(f).)

73.    United Rentals will suffer irreparable injury if a Temporary Restraining Order ("TRO") and injunctive relief is not granted against Defendant and Defendant is permitted to continue to use and disclose United Rentals' confidential and proprietary information and unfairly compete against United Rentals.

74.    The harm to United Rentals is imminent, and if the Court does not issue a TRO and injunctive relief, United Rentals will be irreparably injured.  Any damage to United Rentals' proprietary and confidential information, business relationships, reputation, goodwill, contracts and competitive interests will result in irreparable harm to United Rentals.

75.    United Rentals has no adequate remedy at law because the wrongful use and dissemination of United Rentals' confidential and proprietary information, Defendant's breach of his contractual covenants, and harm to United Rentals' business relationships and reputation cannot be adequately remedied by the award of damages.  Furthermore, greater injury will be inflicted upon United Rentals by the denial of a TRO and injunctive relief than would be inflicted upon Defendant by the granting of such relief.  By granting a TRO and injunctive relief, Defendant will be required to not commit torts against United Rentals and to comply with his agreement with United Rentals.

76.    The issuance of injunctive relief will not disserve the public interest.  Balancing the equities and other factors, the significant potential of irreparable harm to United Rentals without the TRO and injunctive relief and the lack of harm due to the entry of a TRO and injunctive relief demonstrate that the relief will not disserve the public interest.

77.    Therefore, United Rentals requests that the Court enter a TRO and order as follows:

a.    That Defendant, and anyone acting in concert with him, is immediately enjoined and must refrain from:

i.    Using, disclosing, transmitting or referring to United Rentals' confidential and proprietary information, such as United Rentals' customer lists, customer information, pricing information, proposals, quotations, training methods and materials, business plans and other records used to conduct the business of United Rentals;

ii.    Tortiously interfering with United Rentals' contracts and business relationships, including United Rentals' relations with its customers and prospective customers of whom Guerrero learned of or had contact with during his employment with United Rentals;

iii.    Unfairly competing with United Rentals by soliciting United Rentals' customers through the use of United Rentals' confidential information;

iv.    within a 180-mile of the Irving Branch or the Carrollton Branch being employed or retained by, or owning any interest in, any person or entity who or which then competes with the business conducted by the Irving Branch or the Carrollton Branch to any extent or directly or indirectly owning any interest in any such person or entity or rendering to it any consulting, brokerage, contracting, financial or other services or any advice, assistance or other accommodation;

v.    soliciting or calling upon any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with United Rentals, or who was a prospect for a business relationship with United Rentals, at any time during the period of his employment with United Rentals, or (B) an affiliate of any such person;

vi.    approving, soliciting or retaining, or discussing the employment or retention (whether as an employee, consultant or otherwise) of any person who was an employee of United Rentals at any time during the 12-month period preceding the termination of Guerrero's employment with United Rentals;

vii.    soliciting or encouraging any person to leave the employ of United Rentals;

viii.    Destroying, erasing or failing to maintain all records or documents, in any form or media (this includes but is not limited to electronic data, electronic mail, correspondence, phone logs, computer data, notes, and documents) in Defendant's possession, custody or control which relate to (i) United Rentals' customers, customer information, pricing information, United Rentals' bids and quotes, business plans, business information or other confidential information; or (ii) communications between and/or among the Defendant and any of United Rentals' current or former customers from January 1, 2009 through the completion of this litigation;

vi.    Soliciting or requesting confidential and/or proprietary information from any current or former United Rentals employee;

d.    That Defendant, and anyone acting in concert or participation with Defendant, must return to United Rentals within 48 hours of receiving

constructive or actual notice of the TRO, any and all records, documents and/or information, whether in original, copy, computerized, handwritten or any form, and any reproduction thereof, relating to United Rentals' customer information, pricing information, bids, quotes, financial information, business information, training materials and business plans, and all copies, and all other confidential and proprietary United Rentals information;

e.      That United Rentals is granted leave to conduct expedited discovery, including (a) Requests for Production of Documents to Defendant and Volvo Rents, up to 40 requests each; (b) the oral deposition of Defendant and a corporate representative of Volvo Rents; (c) ordering Defendant and Volvo Rents to respond to United Rentals' document requests within three (3) days of service of those requests; and (d) ordering Defendant and a corporate representative of Volvo Rents to make themselves available for deposition upon three (3) days notice;

f.      That Defendant is ordered to preserve all data and information on his computer(s), external hard drives, electronic e-mail accounts, and other data storage devises which relate in any way to United Rentals or any of United Rentals' customers or current or former employees, until the resolution of this lawsuit;

g.      That a hearing be set on Plaintiff's Application for Temporary Injunction within fourteen (14) days of the date the TRO is entered.  The purpose of

the hearing shall be to determine whether this TRO should be made a temporary injunction pending a full trial on the merits; and

h.      That United Rentals provide an appropriate bond.

## REQUEST FOR RELIEF

78.      United Rentals respectfully requests that Defendant be cited to appear and answer and that the court award United Rentals judgment for:

(a)      all actual and consequential damages;

(b)      exemplary damages;

(c)      prejudgment and post-judgment interest;

(d)      attorneys' fees and costs;

(e)      a temporary restraining order, temporary injunction, and a permanent injunction:

    (i)      Enjoining Defendant, and anyone acting in concert with him, from:

        a.      Using, disclosing, transmitting or referring to United Rentals' confidential and proprietary information, such as United Rentals' customer lists, customer information, pricing information, proposals, quotations, training methods and materials, business plans and other records used to conduct the business of United Rentals;

        b.      Tortiously interfering with United Rentals' contracts and business relationships, including United Rentals' relations with its customers and prospective customers of whom Guerrero learned of or had contact with during his employment with United Rentals;

        c.      Unfairly competing with United Rentals by soliciting United Rentals' customers through the use of United Rentals' confidential information;

        d.      within a 180-mile of the Irving Branch or the Carrollton Branch being employed or retained by, or owning any interest in, any person or entity who or which then

competes with the business conducted by the Irving Branch or the Carrollton Branch to any extent or directly or indirectly owning any interest in any such person or entity or rendering to it any consulting, brokerage, contracting, financial or other services or any advice, assistance or other accommodation;

e.    soliciting or calling upon any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with United Rentals, or who was a prospect for a business relationship with United Rentals, at any time during the period of his employment with United Rentals, or (B) an affiliate of any such person;

f.    approving, soliciting or retaining, or discussing the employment or retention (whether as an employee, consultant or otherwise) of any person who was an employee of United Rentals at any time during the 12-month period preceding the termination of Guerrero's employment with United Rentals;

g.    soliciting or encouraging any person to leave the employ of United Rentals;

h.    Destroying, erasing or failing to maintain all records or documents, in any form or media (this includes but is not limited to electronic data, electronic mail, correspondence, phone logs, computer data, notes, and documents) in Defendant's possession, custody or control which relate to (i) United Rentals' customers, customer information, pricing information, United Rentals' bids and quotes, business plans, business information or other confidential information; or (ii) communications between and/or among the Defendant and any of United Rentals' current or former customers from January 1, 2009 through the completion of this litigation;

i.    Soliciting or requesting confidential and/or proprietary information from any current or former United Rentals employee;

(ii)    Ordering that Defendant, and anyone acting in concert or participation with Defendant, must return to United Rentals within 48

hours of receiving constructive or actual notice of the TRO, any and all records, documents and/or information, whether in original, copy, computerized, handwritten or any form, and any reproduction thereof, relating to United Rentals' customer information, pricing information, bids, quotes, financial information, business information, training materials and business plans, and all copies, and all other confidential and proprietary United Rentals information;

(iii)    Ordering that United Rentals is granted leave to conduct expedited discovery, including (a) Requests for Production of Documents to Defendant and Volvo Rents, up to 40 requests each; (b) the oral deposition of Defendant and a corporate representative of Volvo Rents; (c) ordering Defendant and Volvo Rents to respond to United Rentals' document requests within three (3) days of service of those requests; and (d) ordering Defendant and a corporate representative of Volvo Rents to make themselves available for deposition upon three (3) days notice;

(iv)    Ordering that Defendant is ordered to preserve all data and information on his computer(s), external hard drives, electronic e-mail accounts, and other data storage devises which relate in any way to United Rentals or any of United Rentals' customers or current or former employees, until the resolution of this lawsuit;

(v)    Ordering that a hearing be set on Plaintiff's Application for Temporary Injunction within fourteen (14) days of the date the TRO is

entered. The purpose of the hearing shall be to determine whether this TRO should be made a temporary injunction pending a full trial on the merits;

(vi) Ordering that United Rentals provide an appropriate bond;

(f)   grant all other relief to which United Rentals is entitled, legal or equitable, general or special.

Respectfully submitted,

Melissa M. Goodman
State Bar No. 00790648
Karen C. Denney
State Bar No. 24036395

HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopy: (214) 651-5940

**ATTORNEYS FOR UNITED RENTALS, INC.**

## <u>CERTIFICATE CONCERNING LOCAL RULES</u>

In accordance with Local Rule 2.1.3, the undersigned counsel certifies that counsel for Plaintiff left a message with the counsel, who stated that he may represent Simon M. Guerrero, and advised him that Plaintiff's counsel was going to Denton County to seek a Temporary Restraining Order against Mr. Guerrero and provided him with Plaintiff's counsel's cellular telephone number. The circumstances do not permit additional efforts to give notice.

Karen C. Denney